**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **LUIS CANALES,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**VALUE TRUCK OF AZ LLC; VALUE TRUCK OF AZ, INC.; and EDWARD GREEN,**[1]<br><br>***Defendants.*** | **CIVIL ACTION NO.**<br>**5:26-cv-00480-TES** |

## ORDER REMANDING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION

Consistent with its independent obligation to inquire about subject-matter jurisdiction whenever it may be lacking, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), the Court ordered Defendants Value Truck of AZ LLC ("Value Truck") and Edward Green ("Green") (collectively, "Defendants") to show cause how federal subject-matter

[1] On November 2, 2026, Plaintiff Luis Canales filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I) to dismiss his claims against Defendant Value Truck of AZ, Inc., without prejudice. [Doc. 9]. In that notice, Plaintiff stated that "Defendant Value Truck of AZ, Inc.[,] has neither filed an [a]nswer nor a [m]otion to [d]ismiss in this [a]ction." [*Id.* at p. 1]. However, prior to removal of this case from the State Court of Houston County, Georgia, Defendant Value Truck of AZ, Inc., along with Defendants Value Truck of AZ LLC and Edward Green, filed an answer to his complaint. *See* [Doc. 1-1, pp. 152–70]. Thus, Plaintiff's dismissal of Defendant Value Truck of AZ, Inc., needed to be pursuant to Rule 41(a)(1)(A)(ii). "[A] *notice* of dismissal," under Rule 41(a)(1)(A)(i), can only be used "*before* [an] opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added). Plaintiff has corrected this. [Doc. 10]. On November 10, 2026, he—along with Defendants Value Truck of AZ LLC, Edward Green, and Value Truck of AZ, Inc.—filed a stipulation of dismissal (still only as to Value Truck of AZ, Inc., though) pursuant to Rule 41(a)(1)(A)(ii). *See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1034, 1036–38 (11th Cir. 2023); [Doc. 10, p. 1]. With that, the remaining defendants are Defendants Value Truck of AZ LLC and Edward Green.

jurisdiction is appropriate in this removed action based on a $250,000 demand letter when Plaintiff's medical expenses are only $12,635.07. *See also Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997); [Doc. 6].

According to Plaintiff's complaint, Defendant Green—while maneuvering a commercial tractor-trailer for Value Truck in the parking lot of the Pilot Travel Center in Houston County—allegedly collided with Plaintiff's parked commercial tractor-trailer on February 23, 2026. [Doc. 1-1, pp. 7–8, ¶¶ 30–31, 35–36]. As discussed by the Court in its show-cause order, "[p]rior to filing suit, Plaintiff demanded payment from Defendants in the amount of $250,000 pursuant to O.C.G.A. § 9-11-67.1 for his continued 'daily pain and emotional turmoil.'" [Doc. 6, p. 2 (quoting [Doc. 1-3, pp. 2–4, 13])]. Included with Plaintiff's demand was a financial summary showing $12,635.07 for medical expenses from March 20 through May 8, 2026, for the February 2026 collision. [*Id.* (citing [Doc. 1-3, pp. 3, 11])]. Based on these amounts and Plaintiff's claim for punitive damages, Defendants removed this case pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446(a) and 1446(b).[2] [Doc. 1]; [Doc. 1-1, p. 13, ¶¶ 82–84].

In response to the Court's show-cause inquiry, Defendants present several arguments to support their removal of this case from state to federal court on October 16, 2026. [Doc. 1, p. 1]; *see generally* [Doc. 7]. First, they note that Plaintiff's "doctors have advised him that he will likely require additional treatment in the future." [Doc. 7, p. 2

[2] This case does not present a federal question pursuant to 28 U.S.C. § 1331.

(emphasis omitted)]. Again, though, the collision that involved Plaintiff (obviously) inside his parked tractor-trailer, occurred in February 2026. [Doc. 1-1, p. 8, ¶¶ 36–37]. So, using "judicial experience and common sense," the Court cannot find that the jurisdictional amount is satisfied in this removed action based on Plaintiff's current assessment of special damages. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62, 1064 (11th Cir. 2010). "[T]he removing defendant"—or defendants, in this case—"must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Here, neither party asked for discovery when it came to the amount in controversy, and under a "more likely than not" burden of proof, Defendants' position that Plaintiff will "likely" require additional treatment when, according to the record, he hasn't been to an orthopedic specialist since May 8, 2026, causes the Court to discern the amount in controversy only through speculation. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010) (citation omitted); *see, e.g.*, [Doc. 1-3, pp. 20–40]. That is impermissible. *Pretka*, 608 F.3d at 753–54. Notably, Defendants removed this case on October 16, 2026, and it appears that May 8, 2026, was Plaintiff's most recent doctor's visit. *See, e.g.*, [Doc. 1-3, pp. 20–21]. If, at the time of removal, Plaintiff was, in fact, still "struggling to manage his neck and back pain" then Defendants—based on the Court questioning the amount in controversy—were under an obligation to present it with "facts or specific allegations" to support that. *Dart Cherokee Basin Operating Co., LLC v.*

*Owens*, 574 U.S. 81, 87 (2014); *Pretka*, 608 F.3d at 753–54; *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946 (11th Cir. 2000) (holding that a court may consider evidence submitted after the removal petition is filed, "but only to establish the facts present at the time of removal"); [Doc. 7, p. 2]; [Doc. 7-1, p. 4]. They did not present the Court with such evidence.

The same goes for Defendants' efforts to keep this case in federal court because Plaintiff "*claims* to have lost his company." [Doc. 7, p. 7 (emphasis added)]; [Doc. 7-1, p. 5]. Defendants recognize that when a court questions the amount in controversy, "*[e]vidence* establishing the amount is *required*." *Dart Cherokee*, 574 U.S. at 89 (emphasis added); [Doc. 7, p. 3 (quoting *Dart Cherokee*, 574 U.S. at 89)]. Yet, despite being given the chance to proffer evidence related to Plaintiff's claim that he lost his company, Defendants shirked the opportunity to take full advantage of the Court's show-cause inquiry on this issue as well. At the time the amount in controversy is assessed, there is only $12,635.07 in specials, and the Court is left to guess how much Plaintiff's company may be worth (if it has any worth). That the Court cannot do. *See Pretka*, 608 F.3d at 753–54; *Sierminski*, 216 F.3d at 946; *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007) (concluding, it would be "impermissible speculation" for a court to hazard a guess on the jurisdictional amount in controversy "without the benefit of any evidence [on] the value of individual claims").

Next, Defendants also note that although Plaintiff was given the opportunity to

present "any additional evidence that [he] may deem relevant or appropriate for his special damages," he "did not . . . dispute that . . . the amount in controversy exceeds $75,000.00." [Doc. 6, p. 5]; [Doc. 7, p. 3]. However, it is well settled that the parties cannot consent to federal subject-matter jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and [it] cannot be waived or otherwise conferred upon the court by the parties."). So, Defendants' argument on that front is unavailing.

Lastly, Defendants contend that settlement offers "count[ ] for something," but they omit that "what [they count] for . . . *depends on the circumstances*." *Maisonneuve v. Quiktrip Corp.*, No 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) (quoting *Jackson v. Wal-Mart Stores, Inc.*, 651 F. Supp. 1279, 1281 (S.D. Ala. 2009) (emphasis added)); *see* [Doc. 7, p. 6]. In this Court's view, settlement offers "commonly reflect puffing and posturing, and are therefore[,] entitled to little weight in measuring the preponderance of the evidence." *Parker v. Wal-Mart Stores E. LP*, No. 5:18-cv-00440-TES, 2019 WL 413560, at *2 (M.D. Ga. Feb. 1, 2019) (remanding case with special damages totaling $30,440.19); *Premusca v. DKC Transp., LLC*, No. 5:22-cv-00005-TES, 2022 WL 254341, at *1–2 (M.D. Ga. Jan. 26, 2022) (remanding case where medical expenses were $24,304.22 at the time of removal); *Premusca v. DKC Transp. LLC*, No. 5:22-cv-00006-TES, 2022 WL 252177, at *1–2 (M.D. Ga. Jan. 26, 2022) (same, for

$19,857.10). With that, Plaintiff's only concrete assessment of damages in the amount of $12,635.07 for medical expenses requires remand because such a low amount—without any additional evidence to reach the jurisdictional minimum free from speculation and "unabashed guesswork"—leads the Court to conclude the amount in controversy isn't satisfied. *Lowery*, 483 F.3d at 1211.

Accordingly, the Court **REMANDS** this action to the State Court of Houston County, Georgia. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks [subject-matter] jurisdiction, the case shall be remanded.").

**SO ORDERED**, this 16th day of November, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**